UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 JUL 15 PM 4:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| LEGION INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NELSON TAYLOR, IND. AND D/B/A<br>NELSON TAYLOR CONSTRUCTION,<br>FRANKIE WAYNE TAYLOR,<br><br>Defendants. | Civil Action No. 98-S-1901-NE |

ENTERED
JUL 16 1999

## FINDINGS OF FACT
## AND
## CONCLUSIONS OF LAW

This matter is before the court on plaintiff's third motion for entry of default judgment (Document No. 13), accompanied by the affidavit of Anthony N. Fox, the attorney for plaintiff, Legion Insurance Company, in this long-suffering action. Having reviewed the entire court file, the court finds and concludes as follows:

1. Plaintiff filed its original complaint, naming as defendant only Nelson Taylor, individually, and doing business as Nelson Taylor Construction, on May 5, 1998.

2. Nelson Taylor was served with summons and a copy of the original complaint on November 22, 1998 (Document No. 2), but failed to answer or otherwise respond within the time allowed by the *Federal Rules of Civil Procedure*.

3. Plaintiff filed a motion for the entry of default judgment

on December 30, 1998 (Document No. 3), which this court denied on February 1, 1999 (Document No. 4). In that same order, this court also directed plaintiff

> to show cause why this action should not be dismissed for failure to name Frankie Wayne Taylor, a third-party beneficiary to the contract in issue, as a defendant in this action. If plaintiff shows such cause, plaintiff also must show cause as to why this case should not be transferred to the district and division of Tennessee within which the underlying action[1] is pending.

4. Plaintiff responded to the show cause order on February 9, 1999 (Document No. 5) and filed its second motion for entry of default two days later (Document No.7). Upon full consideration of all pleadings, this court denied plaintiff's second motion for entry of default, but allowed plaintiff leave to file an amended complaint on or before April 7, 1999, naming Frankie Wayne Taylor as an additional defendant to the action, and to then proceed expeditiously to obtain service of process upon defendant Frankie Wayne Taylor; "otherwise, this court shall dismiss this action for failure to prosecute." (Document No. 10.)

5. Plaintiff filed an amended complaint adding Frankie Wayne Taylor as a party defendant on April Fool's Day 1999 (Document No.

---

[1] On or about March 12, 1998, Frankie Wayne Taylor filed civil action number C9800055 in the Circuit Court of Lincoln County, Tennessee, seeking workers' compensation benefits under the laws of the State of Tennessee for injuries allegedly sustained by him on or about November 9, 1997, at 52 Raby Road in Flintville, Tennessee, while employed by Nelson Taylor, doing business as Nelson Taylor Construction.

11), and obtained Mr. Taylor's written consent to waive formal service of process pursuant to *Federal Rule of Civil Procedure* 4(d) on April 23, 1999: a copy of which was filed in this court on June 10, 1999 (Document No. 12).

6. The rub in allowing plaintiff the relief it so obviously deserves lies in the fact that plaintiff's counsel of record did not also serve, or even attempt to serve, a copy of the amended complaint upon the original defendant, Nelson Taylor, doing business as Nelson Taylor Construction. That omission leaves this court in a quandary. This court can only assume that plaintiff's counsel apparently believed, or simply assumed, that the order of this court entered on March 24, 1999 (granting plaintiff leave to file an amended complaint adding Frankie Wayne Taylor as an additional party-defendant, and then to "proceed expeditiously to obtain service of process upon defendant Frankie Wayne Taylor" [Document No. 10, at 3]), somehow relieved plaintiff of the obligation to also serve a copy of the amended complaint upon the original defendant. If that was the thought process or assumption of plaintiff's counsel, it was in error, especially because the pleading upon which Legion Insurance Company now — for the third time — attempts to obtain by default a declaratory judgment binding upon <u>all</u> parties to the action is the <u>amended</u>, <u>not</u> the original complaint.

3

7. Nevertheless, this court has tediously compared, side-by-side, (i) the original complaint served upon defendant Nelson Taylor, doing business as Nelson Taylor Construction, on or about November 22, 1998, with (ii) the amended complaint served upon defendant Frankie Wayne Taylor on or about April 23, 1999, and finds that there are no substantive differences between the two pleadings.[2] Accordingly, although this court has reservations about proceeding on the present state of the record, it nevertheless has decided that it would be elevating form above substance to now require plaintiff's counsel to serve a copy of the amended complaint upon the original defendant, before again seeking

---

[2] Indeed, the only differences between the two pleadings that possibly merit mention are the following:
(A) except as discussed in paragraphs (E), (F), and (G) below, the word "defendant" (singular), wherever it appeared in the original complaint, is changed to "defendants" (plural) in the amended complaint;
(B) the initial, unnumbered paragraph in the amended complaint contains the following additional words: "and FRANKIE WAYNE TAYLOR, an individual";
(C) numbered paragraph 4 of the jurisdictional statement in the amended complaint is new, and it reads:
   "4. The defendant, FRANKIE WAYNE TAYLOR, is a citizen of Lincoln County, Tennessee.";
(D) numbered paragraphs 4 and 5 of the jurisdictional statement in the original complaint are re-numbered 5 and 6, respectively, in the amended complaint, in order to accommodate the insertion of new paragraph 4 discussed above;
(E) in numbered paragraphs 1, 2, 3, 10, 11, and 12 of Count One of the amended complaint, plaintiff inserts the following descriptive language immediately following the word "defendant": "Nelson Taylor d/b/a Nelson Taylor Construction";
(F) in numbered paragraphs 2, 4, 5, 6, 7, 8, and 9 of Count Two of the amended complaint, plaintiff inserts the following descriptive language immediately following the word "defendant": "Nelson Taylor d/b/a Nelson Taylor Construction"; and,
(G) in the lettered relief paragraphs at the end of Counts One and Two of the amended complaint, plaintiff inserts the following descriptive language immediately following the word "defendant": "Nelson Taylor d/b/a Nelson Taylor Construction."

4

to obtain by default a declaratory judgment (although that course of proceeding obviously would have been preferable — indeed, may be <u>required</u> — under the *Federal Rules of Civil Procedure*[3]).

8. More than 60 days have elapsed from the date of defendant Frankie Wayne Taylor's execution of the waiver form, but he has failed to answer or respond to the amended complaint.

9. Defendant Nelson Taylor is not an infant or incompetent person, and has not been in military service during the six months preceding the filing of this action. See 50 App. U.S.C. § 520(1).

10. Defendant Frankie Wayne Taylor is not an infant or incompetent person, and has not been in military service during the six months preceding the filing of this action. *Id.*

11. Plaintiff is entitled to an entry of default against each defendant for each defendant's respective failure to answer or otherwise defend against the allegations asserted in that revision of the complaint served upon that particular defendant within the time allowed by the *Federal Rules of Civil Procedure*.

12. Plaintiff is entitled to a declaration of rights concerning an insurance policy between the plaintiff and Nelson Taylor d/b/a Nelson Taylor Construction and plaintiff's duty to

---

[3] Instead, this court will allow plaintiff's counsel to address that issue with in-house, corporate counsel for plaintiff, Legion Insurance Company, in the event defendant Nelson Taylor, doing business as Nelson Taylor Construction, should later launch a collateral attack upon the declaratory judgment entered by default on this date.

5

indemnify or defend as a result of an injury suffered by defendant Frankie Wayne Taylor on or about November 9, 1997, while working for defendant Nelson Taylor d/b/a/ Nelson Taylor Construction at 52 Raby Road in Flintville, Tennessee.

13. Plaintiff owes no duty or obligation to indemnify or defend Nelson Taylor individually or d/b/a Nelson Taylor Construction, as a result of an on-the-job injury suffered by Frankie Wayne Taylor while working in the State of Tennessee.

An appropriate default judgment will be entered.

DONE this 15th day of July, 1999.

_____
United States District Judge